
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK ANTHONY KENNEDY, | No. 19-15704 |
| Petitioner-Appellant, | D.C. No. 4:16-cv-01686-YGR |
| v. | |
| RON BROOMFIELD, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted June 15, 2021[**]
San Francisco, California

Before: SCHROEDER, M. SMITH, and VANDYKE, Circuit Judges.

Mark Kennedy, a California state prisoner, appeals the district court's denial

of his 28 U.S.C. § 2254 petition challenging his convictions for assault, battery and

false imprisonment. The case arose out of an altercation involving Kennedy,

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Emmalyn Munjar, and Lester Chow. An earlier trial had resulted in mistrial as to these charges.

We granted a certificate of appealability on only the claim of prosecutorial misconduct. Kennedy alleges the prosecutor knowingly presented false testimony by Munjar in violation of his due process rights clearly established in *Napue v. Illinois*, 360 U.S. 264, 269 (1959). The state court ruled that, apart from the few instances in which Munjar's testimony was controverted by telephone records, there was no knowing presentation of false evidence. The state court held that the prosecutor fulfilled his duties to point out known inconsistencies to the jury, that the defense counsel also made these inconsistencies clear, and that Munjar's false testimony did not materially prejudice Kennedy. The district court held the state court decision was reasonable.

There were undoubtedly inconsistencies among Munjar's statements to police, her testimony at the preliminary hearing, her testimony at the first trial, and her testimony in the second. The prosecutor adequately pointed them out to the jury, however, and even observed that she was "not a credible person when it comes to this particular event because she's told so many different versions of

what happened." The prosecutor did not withhold critical information from the jury bearing on the witness's credibility, as was the case in *Napue*.

This court must uphold the state court decision unless it is contrary to or involves an unreasonable application of law clearly established by the Supreme Court, or involves an unreasonable determination of facts. 28 U.S.C. § 2254(d). The district court correctly ruled that this petitioner cannot meet that standard, and we agree with the district court's analysis of this claim when it concluded that the decision of the California Court of Appeal was eminently reasonable.

**AFFIRMED.**